IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES DALTON BELL,                  )
                                    )
            Petitioner,             )   Civil Action No. 08-2
                                    )
       v.                           )   Judge Fischer
                                    )   Magistrate Judge Caiazza
UNITED STATES OF AMERICA,           )
et al.,                             )
                                    )
            Respondents.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by James Dalton Bell be dismissed *sua sponte* for lack of jurisdiction.

### II. REPORT

Before the Court is James Dalton Bell's ("Bell" or "the Petitioner") *pro se* application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1). Bell states that he filed this "'Great Writ' habeas corpus action on behalf of ALL current and past federal prisoners (since 1948) whose cases originated in, or who are located within the jurisdiction of, this judicial court." (Id . at 2.) He also seeks to file "a F. R. Civ. P. 60(b)(4)('judgment is void') motion as 'Next Friend' for persons no longer incarcerated , thus bringing an 'error coram nobis' action." (Id.).

Bell has not paid the filing fee nor has he applied to proceed in *forma pauperis*. The Court will ignore his failure to comply with the relevant rules because it is clear that his Petition lacks merit and that he is an abusive litigant.

First, the Court lacks jurisdiction to entertain Bell's claim. Under 28 U.S.C. § 2241(a), a district court may only grant the writ if it has jurisdiction over a petitioner's custodian. In Rumsfeld v. Padilla, 542 U.S. 426 (2004), the United States Supreme Court stated, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443. In addition, the Court noted that, "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435. Combining these elements, the Court held that, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Id. at 447.

Bell is currently confined in the United States Penitentiary in Tucson, Arizona (Doc. 1 at 1), which lies within the District of Arizona. Consequently, the District of Arizona is the proper venue for this action. Bell's petition, therefore, should be dismissed or transferred.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). However, after reviewing the dockets in other federal district courts, it is apparent that Bell has filed identical or similar petitions in numerous other districts during the last few months. See, e.g., Bell v. United States, No. 107cv099 (D .N.D . Dec. 13, 2007); Bell v. United States, No. 407cv387 (W .D. Tex. Dec. 3, 2007); Bell v. United States, No. 207cv462 (S.D . Tex . Dec. 3, 2007); Bell v. United States, No . 407cv506 (N .D. Fla. Nov. 29, 2007); Bell v. United States, No . 407cv687 (N .D. Okla. Nov. 30, 2007); Bell v. United States, No. 207cv925 (D . Utah, Nov. 29, 2007); Bell v. United States, No. 107cv940 (E.D . Tex. Dec. 3, 2007); Bell v. United States, No. 507cv1379 (W.D . Okla. Dec. 5, 2007); Bell v.United States, No. 107cv099 (D.N .D . Dec. 13, 2007). This abusive pattern of filings persuades the Court that the interests of justice will not be served by transferring this case to the Petitioner's district of confinement. Accordingly, the petition should be dismissed.

### III. CONCLUSION

It is recommended that the Petition for Writ of Habeas Corpus filed by James Dalton Bell be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this Report and Recommendation are due by February 25, 2008. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

Dated: February 8, 2008

cc:
JAMES DALTON BELL
26906-086
USP Tuscon
PO Box 24550
Tucson, AZ 85734